**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                         )<br>)<br>ELIJAH RITTER, et al.                          )<br>)<br>        **Defendants.**                      )<br>_____ ) | Criminal Action No. 2019-0018 |

**Attorneys:**
**Daniel H. Huston, Esq.,**
St. Croix, U.S.V.I.
    *For the United States*

**Pamela L. Colon, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Elijah Ritter*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on the "Motion to Dismiss Counts 3, 4, 5 and 6 of the Indictment, with Prejudice, for Lack of Subject Matter Jurisdiction" ("Motion to Dismiss") (Dkt. No. 57) filed by Defendant Elijah Ritter ("Defendant Ritter"); the Government's Opposition thereto (Dkt. No. 61); and Defendant Ritter's Reply (Dkt. No. 78). For the reasons discussed below, the Court will deny Defendant Ritter's Motion to Dismiss.

### I.     BACKGROUND

On October 15, 2019, the Government filed an Indictment against Defendant Ritter and Defendant Troy Somme, Jr. (Dkt. No. 1). The Indictment charged Defendant Ritter with: two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Counts 3 and 4); two counts of possession of ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Counts 5 and 6); possession of a firearm in

1

furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count 7); possession of marihuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2 (Count 8); and maintaining a drug related premises in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2 (Count 9).

Defendant Ritter filed the instant Motion to Dismiss seeking to dismiss Counts 3 through 6 with prejudice for lack of subject matter jurisdiction. (Dkt. No. 57). Defendant Ritter argues that these counts are a nullity because they do not allege an essential element of the crime as stated in 18 U.S.C. §§ 922(g)(1) and 924(a)(2)—that Defendant Ritter "knew he was a person barred from possessing a firearm and/or ammunition." *Id.* at 3-4. The Government opposes Defendant Ritter's Motion to Dismiss arguing that all that is required in order for the Government to prove a violation of 18 U.S.C. § 922(g)(1) is that Defendant Ritter knew of his *status* as a convicted felon, not that he knew he was barred from possessing a firearm or ammunition. (Dkt. No. 61 at 3-4).

## II. APPLICABLE LEGAL PRINCIPLES

Federal Rule of Criminal Procedure 7(c)(1) states that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." "This requirement is rooted in the Fifth and Sixth Amendments of the Constitution." *United States v. Stevenson*, 832 F.3d 412, 423 (3d Cir. 2016). Rule 12(b)(3)(B) further provides that a defendant may move to dismiss an indictment based on a defect in the indictment, including "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B).

The Third Circuit has held that an indictment is sufficient if it: "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *Stevenson*, 832 F.3d at 423 (citing *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012)); *see also United States v.*

*Stock*, 728 F.3d 287, 292 (3d Cir. 2013). Further, the Third Circuit has held that a defendant may challenge the sufficiency of an indictment for failure to state an offense in at least two ways:

> First, a defendant may contend that an indictment is insufficient on the basis that it . . . "fails to charge an essential element of the crime." Second, . . . a defendant may also claim that an indictment fails to state an offense on the basis that "the specific facts alleged . . . fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation."

*Stock*, 728 F.3d at 292 (quoting *Huet*, 665 F.3d at 595 and *United States v. Panarella*, 277 F.3d 678, 685 (3d Cir. 2002)) (internal citations omitted); *see also Stevenson*, 832 F.3d at 423-24 ("It is well established that 'a defendant may contend that an indictment is insufficient on the basis that it . . . fails to charge an essential element of the crime.'" (quoting *Stock*, 728 F.3d at 292)); *Huet*, 665 F.3d at 595 ("[If] an indictment fails to charge an essential element of the crime, it fails to state an offense."). However, the Third Circuit has "eschewed any approach that insists upon magic words that perfectly mirror the statutory language of the charged offense: '[f]ailure to allege the statutory elements will not be fatal provided that alternative language is used or that the essential elements are charged in the indictment by necessary implication.'" *Stevenson*, 832 F.3d at 424 (quoting *Gov't of V.I. v. Moolenaar*, 133 F.3d 246, 249 (3d Cir. 1998)).

### III. DISCUSSION

Defendant Ritter argues that Counts 3 through 6 of the Indictment must be dismissed for failure to allege the scienter element for violations of 18 U.S.C. §§ 922(g) and 924(a)(2) required by *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In this regard, Defendant Ritter states:

> Counts Three, Four, Five and Six of the Indictment do allege that Mr. Ritter knowingly possessed either a firearm or ammunition, and that he knew that he had previously been convicted of a crime punishable by more than one year imprisonment, but they fail to allege that Mr. Ritter knew that his status made it illegal for him to possess firearms and/or ammunition.

(Dkt. No. 57 at 5).

Title 18 U.S.C. § 922(g)(1) provides that "[i]t shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." In addition to criminalizing firearm or ammunition possession by felons, 18 U.S.C. § 922(g) enumerates other groups who are prohibited from such activity such as those who are fugitives from justice or "alien[s] . . . illegally or unlawfully in the United States." Title 18 U.S.C. § 924(a)(2) further provides that "[w]hoever knowingly violates [18 U.S.C. § 922(g)] shall be fined as provided in this title, imprisoned not more than 10 years, or both."

The Supreme Court in *Rehaif v. United States*, 139 S. Ct. 2191, held that under this statutory scheme, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200; *see also United States v. Boyd*, 999 F.3d 171, 178 (3d Cir. 2021) (discussing the holding of *Rehaif*). The Supreme Court described the elements of the crime under 18 U.S.C. § 922(g):

> § 922(g) makes possession of a firearm or ammunition unlawful when the following elements are satisfied: (1) a status element (in this case, "being an alien . . . illegally or unlawfully in the United States"); (2) a possession element (to "possess"); (3) a jurisdictional element ("in or affecting commerce"); and (4) a firearm element (a "firearm or ammunition").

*Rehaif*, 139 S. Ct. at 2195-96. The Court specified that "the word 'knowingly' applies both to the defendant's conduct and to the defendant's *status*" therefore "[t]o convict a defendant, the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant *status* when he possessed it." *Id.* at 2194 (emphasis added).

The Supreme Court in *Greer v. United States*, 141 S. Ct. 2090 (2021) reiterated the holding in *Rehaif* stating:

> In *Rehaif* . . . , this Court clarified the *mens rea* requirement for firearms-possession offenses, including the felon-in-possession offense. In felon-in-possession cases after *Rehaif*, the Government must prove not only that the defendant knew he possessed a firearm, but also that *he knew he was a felon* when he possessed the firearm.

*Id.* at 2095 (emphasis in original). Since the Supreme Court's holding, Courts of Appeal have consistently found that *Rehaif does not* stand for the proposition that to be convicted under 18 U.S.C. §§ 922(g) and 924(a)(2) a person must know both their status *and* that it was illegal to possess a firearm or ammunition due to that status. *See, e.g.*, *United States v. Kaspereit*, 994 F.3d 1202, 1208 (10th Cir. 2021) ("Rehaif does not require that Defendant knew his status prohibited his possession of a firearm, just that he knew of his status . . . ."); *United States v. Trevino*, 989 F.3d 402, 403 (5th Cir. 2021) ("[Defendant] who was convicted by a jury of being a felon in possession of firearms, contends the Government must also prove he knew that as a felon, he was prohibited from possessing firearms. We reject this argument."); *United States v. Austin*, 991 F.3d 51, 59 (1st Cir. 2021) ("[Defendant] suggests that Rehaif would have obligated the government to prove his 'subjective knowledge that he [was] violating the law.' This is not the case. Rather, Rehaif imposes a scienter of status requirement: it would require the government to prove [the defendant] knew he was a felon."); *United States v. Singh*, 979 F.3d 697, 727 (9th Cir. 2020) ("[Defendant] contends that *Rehaif* requires the Government to prove he knew not only his status, but also that he knew his status prohibited him from owning a firearm. But this interpretation is not supported by *Rehaif* . . . . The Court did not hold that the Government must also prove the defendant knew his or her status prohibited firearm ownership or possession."), *cert. denied sub nom. Matsura v. United States*, 141 S. Ct. 2671 (2021); *United States v. Maez*, 960 F.3d 949, 955 (7th Cir. 2020) ("*Rehaif*'s discussion of 'the well-known maxim that "ignorance of the law" (or a

5

"mistake of law") is no excuse' makes doubly clear that § 922(g) requires knowledge only of status, not knowledge of the § 922(g) prohibition itself."), *cert. denied sub nom. Battiste v. United States*, 141 S. Ct. 2813 (2021), and *cert. denied*, 141 S. Ct. 2814 (2021), and *cert. denied sub nom. Jones v. United States*, 141 S. Ct. 2838 (2021); *United States v. Bryant*, 976 F.3d 165, 172-73 (2d Cir. 2020) ("[A]lthough a felon need not specifically know that it is illegal for him to possess a firearm under federal law, *Rehaif* requires him to know, at the time he possessed the firearm, that he 'ha[d] been convicted in any court of[ ] a crime punishable by imprisonment for a term exceeding one year.'" (quoting 18 U.S.C. § 922 (g)(1))), *cert. denied*, 141 S. Ct. 2825 (2021).

This interpretation of *Rehaif* is consistent with the elements of a violation of 18 U.S.C. § 922(g) recited by the Third Circuit. *See, e.g.*, *Boyd*, 999 F.3d at 178 ("[T]he Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." (quoting *Rehaif*, 139 S. Ct. at 2200) (internal quotation marks omitted)); *United States v. Jones*, No. 17-3632, __Fed. App'x__, 2021 WL 3088743, at *2 n.12 (3d Cir. July 22, 2021) ("To establish a violation of § 922(g)(1), the government must show that (1) the defendant has been convicted of a crime punishable by imprisonment for a term exceeding one year; (2) the defendant knowingly possessed the firearm; (3) the firearm has traveled in interstate commerce; and (4) the defendant 'knew he belonged to the relevant category of persons barred from possessing a firearm.'" (citing *United States v. Dodd*, 225 F.3d 340, 344 (3d Cir. 2000) and quoting *Rehaif*, 139 S. Ct. at 2200) (internal citations omitted)). The law is thus well settled on this issue.

The disputed Counts in the Indictment include the allegation that Defendant Ritter "knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, . . . knowingly possessed" firearms and ammunition. (Dkt. No. 1 at 3-6). Such

an allegation is sufficient to state the *mens rea* element required by *Rehaif*. *See Boyd*, 999 F.3d at 178. Thus, based on well-established law, Defendant Ritter's contention that the Indictment is defective for failure to include an essential element of the offenses charged is without merit. *See Stevenson*, 832 F.3d at 423-24.

## IV.  CONCLUSION

For the reasons stated above, the Court will deny Defendant Ritter's Motion to Dismiss. An appropriate Order accompanies this Memorandum Opinion.

Date: December 13, 2021                           _____/s/_____
                                                                       WILMA A. LEWIS
                                                                       District Judge